UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOSEPH WADE GILBERT                                                                 PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 1:08CV57-RHW

CITY OF PICAYUNE et al                                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' [79] Motion for Summary Judgment. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint in which he alleged that Defendants denied him constitutionally adequate medical care and, in violation of the Fourth Amendment, held him for longer than 48 hours without an initial appearance before a magistrate. The Court conducted a screening hearing pursuant to 28 U.S.C. § 1915A, and entered a screening order on May 13, 2008. The Court allowed Plaintiff to proceed with these two claims. Defendants have filed a motion for summary judgment asserting that Plaintiff has failed to demonstrate a genuine issue of material fact as to either claim.

### Factual Background

On or about October 20, 2007, Plaintiff sustained injuries during an early morning altercation at the Job Site Bar in Picayune, Mississippi. Within 24 hours of the incident, Plaintiff went to Highland Hospital in Picayune for treatment of injuries. At the hospital, Plaintiff was diagnosed, among other things, with a busted or perforated ear drum for which the treating physician prescribed antibiotics. Plaintiff did not have the prescriptions filled. Immediately upon being discharged from the hospital, Officer John Mix arrested Plaintiff on charges of aggravated assault and malicious mischief. Officer Mix transported Plaintiff to the City of

Picayune jail, where he was booked. Plaintiff relinquished his personal property to the arresting and booking officers, including his prescriptions. On October 28, 2007, Plaintiff's father James Gilbert visited Plaintiff at the jail. Plaintiff signed a document allowing his personal property to be released to his father. Three days later, Plaintiff's property, including his prescriptions, was released to Plaintiff's father. Plaintiff's father did not fill the prescriptions, nor did Plaintiff request his father to fill the prescriptions.

At the screening hearing, Plaintiff testified that he complained about his ear hurting and requested to each and every jailer at the facility that his prescriptions be filled. Plaintiff admits that he did not speak personally with Defendant Jim Luke or request Luke to fill his prescriptions. Plaintiff also conceded that he does not know the jail's policy for distributing prescription medication. He only knows that he did not get his prescription filled. He believes that Defendant Luke knew about his condition and his request for prescriptions simply because Defendant Luke was in charge of the jail and jail personnel.

Plaintiff's initial appearance for the underlying criminal charge occurred on November 1, 2007, with a preliminary hearing set for November 7, 2007. Eventually Plaintiff waived his preliminary hearing. On November 8, 2007, Plaintiff was transferred to the Pearl River County Jail. He stated that he received treatment for his ear infection at the Pearl River County Jail within a day or two of his transfer. Plaintiff further stated that the infection spread and that his treatment with antibiotics continued for several months after his transfer. Plaintiff believes that his condition was exacerbated and the infection spread because of the delay in receiving antibiotics.

**Law and Analysis**

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment". *Id.* at 709. However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111,

3

114 (5th Cir. 1978).

**(1) Inadequate Medical Care**

To state a constitutional claim for denial of adequate medical care, Plaintiff must demonstrate that Defendants were deliberately indifferent to Plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). A delay in medical care may, under certain circumstances, constitute inadequate medical care. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)

With respect to Defendant Luke in his individual capacity, Plaintiff does not allege any knowledge on Luke's part. In his deposition, Plaintiff stated that he "never laid eyes" on Defendant Luke and had no reason to believe that Defendant Luke was aware of his request for medication, other than the fact that Defendant Luke is in a position of authority over the other officers at the jail. In order to be liable to Plaintiff, Defendant Luke must have known and disregarded Plaintiff's risk of infection. *See Harris*, 198 F.3d at 159. Because there is no allegation or evidence of knowledge on Defendant Luke's part regarding Plaintiff's injuries, prescriptions, or need for treatment, he cannot be held liable to Plaintiff under a standard of deliberate indifference. Plaintiff has alleged nothing more than a claim of *respondeat superior* against Defendant Luke for the negligent actions of his subordinates. It is well established that under § 1983, a defendant may not be held liable for the unconstitutional conduct of his

subordinates under a theory of *respondeat superior*. *See Kohler v. Englade*, 470 F.3d 1104, 1114-15 (5th Cir. 2006); *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990). Based on the foregoing, the Court finds that Defendant has demonstrated the absence of a genuine issue of material fact with respect to Defendant Luke's liability to Plaintiff in his individual capacity.

Plaintiff's claims against Defendant Luke in his official capacity and against the City for failure to provide his prescriptions also fails. As with individual capacity claims, municipal liability may not be predicated on *respondeat superior*. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Rather, Plaintiff must demonstrate (1) that a municipal employee violated the plaintiff's clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference. *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528-29 (5th Cir. 1999). Under the second prong, the plaintiff must identify a policymaker and show that an official policy is the moving force behind the municipal employee's allegedly unconstitutional act. *Piotrowski*, 237 F.3d at 578. A municipality cannot be liable under § 1983 unless the alleged constitutional violation proximately resulted from a policy or custom of the municipality. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Bennett v. City of Slidell*, 728 F.2d 762 (5th Cir. 1984).

The Court will assume for purposes of this motion that Plaintiff has alleged constitutionally deliberate indifference on the part of unidentified jail employees in that they did not heed Plaintiff's requests for treatment of his ear infection. However, Plaintiff does not identify in his allegations or testimony any policy or custom that was the moving force behind the allegedly unconstitutional act. In fact, Plaintiff indicates that he is unaware of the City's policy

5

with respect to handling inmate prescriptions. As an exhibit to its reply, Defendant attached a copy of its jail policies, which states in part that prescription medication will be given to inmates but it "must be in the correct bottles, with the inmates name on it, and will only be given out according to instructions on the bottle." In his deposition, Plaintiff's father stated that he spoke with Captain Krantz, who in turn told him that if he had brought the medications down to the jail, then they would have given the medication to Plaintiff. In sum, the summary judgment evidence demonstrates that a physician prescribed antibiotics. Plaintiff did not have the prescriptions filled because he was arrested immediately upon being discharged from the hospital. Plaintiff then relinquished control of the prescriptions to the arresting and booking officers. Plaintiff's father was then given the prescriptions, along with Plaintiff's other personal property, by a jail employee; however, Plaintiff's father failed to fill the prescriptions and failed to bring the medication to the jail to administer to Plaintiff.

There is no allegation or evidence that the jail policy regarding prescription medications was the cause or moving force for any alleged constitutional violation. *See Brumfield v. Hollins*, 551 F.3d 322, 333 (5th Cir. 2008) (upholding directed verdict on municipal liability because plaintiff failed to point to a policy that was the moving force behind the alleged negligent conduct). Although Plaintiff may have stated a sufficient claim for negligence against his jailers, he has not alleged in any way that the jail policy with respect to prescription medications proximately caused his injuries. *Id.* ("negligent conduct alone does not amount to deliberate indifference").

### (2) Detention and Probable Cause Determination

Plaintiff next claims that his Fourth Amendment rights were violated because the

Defendants held him for ten or more days without granting him an initial appearance before a neutral magistrate. Defendant counters that Plaintiff has failed to identify an official policy or custom violated by Defendants that proximately caused his injuries. The record is silent as to whether Plaintiff was arrested pursuant to a warrant. Defendants have provided the Court with the arresting officer's narrative and an arrest report. Neither of these documents indicate that a judicial determination of probable cause was made prior to the arrest.

It is clearly established constitutional law that, absent a bona fide emergency or other extraordinary circumstances, a person arrested without a warrant must receive a judicial determination of probable cause within 48 hours. *See County of Riverside v. McLaughlin*, 500 U.S. 44, 56-57 (1991). In the absence of proof to the contrary, the Court will assume for purposes of this motion that Plaintiff was arrested without a warrant. Plaintiff does not identify any policy or procedure on the part of the jail or Defendant Luke that resulted in his detention for more than 48 hours. In fact, the record is silent as to the Defendants' policy for presenting individuals for a probable cause hearing following a warrantless arrest. Nevertheless, it is undisputed that Defendants held Plaintiff for more than 48 hours without a probable cause determination, at which point it became Defendants' burden to demonstrate the existence of a bona fide emergency or other extraordinary circumstance that resulted in the delayed probable cause determination. *See County of Riverside*, 500 U.S. at 57. Detaining an individual for more than 48 hours without a probable cause determination is a clearly established constitutional violation. Consequently, the Court finds that a genuine issue of material fact remains on the issue of whether the City and Defendant Luke in his official capacity violated Plaintiff's Fourth Amendment rights. *See Lopez v. City of Chicago*, 464 F.3d 711, 718-20 (7th Cir. 2006);

*Cherrington v. Skeeter*, 344 F.3d 631 645-48 (6th Cir. 2004); *Luck v. Rovenstine*, 168 F.3d 323, 325-27 (7th Cir. 1999); *see also Drogosch v. Metcalf*, 557 F.3d 372, 378 (6th Cir. 2009). However, the Court finds that any individual capacity claim against Defendant Luke for illegal detention should be dismissed. *See Luck*, 168 F.3d at 327.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [79] Motion for Summary Judgment is GRANTED in part and DENIED in part.

SO ORDERED, this the 9th day of July, 2009.

                                      s/ *Robert H. Walker*
                                      UNITED STATES MAGISTRATE JUDGE